UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOHNNIE JACKSON,

                      Petitioner,

v.                                              **DECISION AND ORDER**
                                                                14-MC-18S

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,

                      Respondent.


       1.       Petitioner Johnnie Jackson commenced this action on February 20, 2014, by filing a Sharpe Motion for a Prompt Hearing and Determination of his application for disability benefits under Title II and Title XVI of the Social Security Act. For the following reasons, this Court will grant the motion in part and deny it in part.

       2.       Petitioner applied for disability insurance benefits and supplemental security income ("SSI") on August 1, 2011, and those applications were denied on October 21, 2011. On December 7, 2011, Petitioner requested a hearing before an Administrative Law Judge ("ALJ"). Petitioner subsequently received a Notice of Hearing dated October 22, 2012 scheduling a hearing before an ALJ on December 21, 2012. A hearing was held on that date at which Petitioner testified.

       3.       In a letter dated November 22, 2013, Petitioner's counsel requested that the Office of Disability Adjudication and Review expedite reconsideration of Petitioner's claim

due to her dire financial need, as evidenced by a utility shutoff notice.  When no response was received by January 2014, counsel wrote several more letters to the ALJ directly as well as the review office requesting a status update and that the matter be resolved.  No response was received, prompting Petitioner to commence the instant proceeding.

4. "[A]fter an adverse decision on a disability claim, a claimant is entitled to reasonable notice and opportunity for a hearing with respect to such decision." Butts v. Barnhart, 416 F.3d 101, 105 (2d Cir. 2005) (internal quotation marks omitted); see 42 U.S.C. § 405(b)(1); 42 U.S.C. § 1383(c)(1)(A). Individuals who believe that their disability insurance benefit and SSI claims are being unreasonably delayed by the Social Security Administration may file a motion in federal district court seeking relief.  See generally Heckler v. Day, 467 U.S. 104, 119 n. 33, 104 S. Ct. 2249, 81 L. Ed. 2d 88 (1984). This type of motion is commonly referred to in this district as a "Sharpe motion." See Sharpe v. Heckler, No. 79-Civ-1977, 1985 WL 2898 (S.D.N.Y. Oct. 2, 1985); see also Martinez v. Califano, No. 73-C-900, 1985 WL 6079 (E.D.N.Y. May 28, 1985).  A Sharpe motion seeks an order directing the Commissioner of Social Security to conduct prompt hearing, issue a decision on the merits of the petitioner's application, and/or pay interim benefits pending the resolution of the case.

5. Prior to Petitioner's commencement of the instant proceeding, the ALJ failed to render a decision for over a year following Petitioner's hearing.  The Commissioner argues that Petitioner failed to establish that this delay was unreasonable because "[d]isability decisions involve the evaluation and analysis of intricate interweaving evidence

consisting of objective medical findings, medical opinions, non-medical evidence, the claimant's subjective complaints, over a multi-year period, as well as the ALJ's credibility determination." (Comm'r Mem in Opp'n at 3.)  Although certainly true, this generic statement provides this Court no specific insight into why a decision on Petitioner's claim has been delayed, such as the caseload of the ALJ or a need to obtain further relevant information.  Further, there has been no indication from either party that a decision has been issued during the pendency of the present motion, and as such this Court must conclude that the ALJ's decision has been outstanding for almost two years now. Such an unexplained delay is unreasonable. See Butts, 416 F.3d at 105 (delay of "years" is *per se* unreasonable).  The Commissioner is therefore ordered to serve on Petitioner the ALJ's completed determination on the Title II and XVI applications within 60 days of the date of this order, and to file a copy of the same under seal with this Court.

6.   An award of interim benefits, however, is not be appropriate.  The Social Security Act authorizes interim benefits only when a claimant has been awarded benefits that were subsequently terminated. See 42 U.S.C. § 423(g); § 1383(7)(A).  "[A]bsent a finding that the claimant was actually disabled, delay alone is an insufficient basis on which to remand for benefits." Henry v. Colvin, 561 F. App'x 55, 58 (2d Cir. 2014) (quoting Bush v. Shalala, 94 F.3d 40, 46 (2d Cir.1996)). No disability finding has yet been made in the instant case.

IT HEREBY IS ORDERED that Petitioner's Sharpe Motion for a Prompt Determination (Docket No. 1) is GRANTED in part and DENIED in part.

FURTHER, that the Commissioner shall comply with the Court's directives within 60 days of the date of this Decision and Order;

FURTHER, that the Court will entertain a separate motion for the requested reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 2412;

FURTHER, that upon the Commissioner's filing of the ALJ's decision under seal, the Clerk of the Court shall take the steps necessary to close this case.

SO ORDERED.

Dated:   December 4, 2014
        Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court
